Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00518-CR

Veronica **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-07-0188
Honorable Frank Follis, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:         Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed: September 9, 2009

AFFIRMED

A jury found defendant, Veronica Sanchez, guilty of criminal mischief causing pecuniary loss of $500 or more, but less than $1,500, and assessed punishment at ninety days' confinement. The confinement was suspended and defendant was placed on probation for six months. On appeal, defendant complains the evidence was legally and factually insufficient to support the conviction. We affirm.

## BACKGROUND

On the evening of September 18, 2006, the complainant, Stephanie Cruz, drove her car to the Wal-Mart in Seguin, Texas. When she returned to the parking lot, she discovered someone had scratched "Junior" onto the driver's side door and "RIP, Junior" onto the hood of her car. "Junior" was the nickname of the complainant's deceased boyfriend. The complainant reported the incident to the police. The police then obtained the surveillance video of the parking lot from Wal-Mart. The video showed three people in the Wal-Mart parking lot examining the complainant's car from a distance. It showed one person approach the complainant's car and appear to do something to the driver's side door. Later, a white car pulled up beside the complainant's car and a person got out of the car and appeared to scratch something onto the car's hood. The person got back in the white car, and the white car left the parking lot.

When the complainant reviewed this video with the police she was unable to identify the two people who were seen scratching her car, but she identified the third person on the video as defendant. Defendant was arrested and charged with criminal mischief. The jury found defendant guilty and this appeal ensued.

## STANDARD OF REVIEW

On appeal, defendant asserts the evidence is both legally and factually insufficient to support her conviction for criminal mischief. More specifically, she contends the State failed to prove she was the person on the video and failed to establish damages.

We review the legal sufficiency of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

We review the factual sufficiency of the evidence by considering all the evidence in a neutral light and reversing only when: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust.  *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).  "[We] cannot conclude that a conviction is 'clearly wrong' or 'manifestly unjust' simply because, on the quantum of evidence admitted, [we] would have voted to acquit had [we] been on the jury." *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  "Nor can [we] declare that a conflict in the evidence justifies a new trial simply because [we] disagree[] with the jury's resolution of that conflict." *Id.* "[T]he jury is the sole judge of a witness's credibility, and the weight to be given the testimony." *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

**DISCUSSION**

**A.  Identity**

At trial, the surveillance video was played for the jury and the complainant testified that she could identify defendant on the video by the way she walked, her stance, and because her hair was up in a bun.  The complainant also identified the white car in the video as defendant's Dodge Neon. Defendant contends each legal element of this crime rests on the conclusion that defendant was in fact the person present at the scene and intended to aid in committing the offense of criminal mischief. Defendant argues the evidence is insufficient because the evidence could have described any female

with her hair in a bun, wearing a white t-shirt, and driving a white car. Because she believes the complainant's identification of her on the surveillance video was faulty, defendant contends no rational jury could have found the essential elements of the crime beyond a reasonable doubt and the jury's verdict was manifestly unjust and against the great weight and preponderance of the evidence. We disagree.

On direct examination, the complainant identified defendant as one of the three persons on the video and the driver of the white car. On cross-examination, defense counsel questioned her ability to identify defendant as follows:

> Q.  Okay. In fact, you've only been around or seen Veronica maybe a few times in your life; correct?
>
> A.  When George was alive, yes.
>
> Q.  Just a few times; correct?
>
> A.  Yes.
>
> . . . .
>
> Q.  Okay. And how close to her would you be?
>
> A.  Probably as close as you're sitting to her.
>
> Q.  Okay. But you - - that's not what we're seeing on the video? We're seeing somebody on the video extremely pixilated, meaning, you know, as far as detail from 50, 100 feet away; correct?
>
> A.  Correct.

Defense counsel then questioned the complainant's ability to identify gaits people exhibit when they walk or the differences in people's stance or posture. On re-direct examination, the complainant

confirmed that she was familiar with the way defendant stands, walks, and moves, and reiterated that she was positive it was defendant in the surveillance video.

As stated above, the jury is the sole judge of a witness's credibility, and the weight to be given the testimony. Here, the jury decided that the complainant's identification of defendant was credible and we may not substitute our judgment for that of the fact-finder. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We recognize the images on the surveillance video were not of the highest quality; however, after reviewing all the evidence, including the surveillance video and the complainant's testimony, we cannot conclude no rational trier of fact could have found all of the essential elements of the offense proven beyond a reasonable doubt or that the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

**B. Damages**

Defendant also challenges the sufficiency of the jury's implied finding on damages. The State presented the testimony of Ernest Mendoza, Sr., the owner of the body shop that repaired the complainant's car. Mr. Mendoza produced an invoice for the work he did on the complainant's car and it was introduced into evidence. Defendant argues that because the invoice was undated and Mr. Mendoza testified the complainant had her car repaired at his shop on several occasions, there was no proof the invoice was related to this particular incident. Defendant also points to Mr. Mendoza's inability to remember exactly what words were scratched on the car as evidence the State failed to meet its burden to establish damages. However, the invoice, which stated the cost of the repairs was

$1,680, included repairs to both the hood of the car and the driver's side door. Additionally, the complainant testified that she paid a $500 deductible and her insurance covered the remaining cost of the repairs. We conclude that a rational trier of fact could have found that the State met its burden to establish damages and the evidence was not so weak that the verdict was clearly wrong or manifestly unjust.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH